■ In the Matter of NEW YORK STATE CRIME VICTIMS BOARD, on Behalf of DAVID M. KONITS, Respondent, v PAUL MITCHELL, Appellant. [784 NYS2d 740]—

Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 18, 2002 in Albany County, which granted petitioner's motion for a preliminary injunction.

In December 2001, petitioner was notified by the Department of Correctional Services that the inmate account of respondent, serving time for assault in the first degree, exceeded $10,000 (*see* Executive Law § 632-a [2] [b]). This information was then imparted to respondent's victim, David M. Konits, by letter dated January 23, 2002 (*see* Executive Law § 632-a [2] [c]). Shortly thereafter, Konits gave written notice to petitioner that he was exercising his right under the statutory scheme to commence a civil action against respondent for money damages. He also requested that petitioner apply for provisional relief on his behalf to preserve the subject funds (*see* Executive Law § 632-a [3], [4]).

In the meantime, respondent, who was being housed at the Southport Correctional Facility in Chemung County, unsuccessfully requested that certain funds be dispersed from his inmate account. Specifically, in April 2002 and June 2002, respondent requested disbursements in the amount of $8,500 and $3,000 to two separate individuals, namely, a paralegal who allegedly performed legal services for him and his grandmother. The Dep-

uty Superintendent for Administrative Services at that facility returned each request unprocessed because respondent failed to provide certain required information, including his relationship to each prospective recipient and the purpose of the disbursement.

On July 29, 2002, petitioner commenced this proceeding seeking a preliminary injunction restraining respondent, as well as the Superintendent of the Southport Correctional Facility, from disbursing any nonexempt funds in respondent's account (*see* Executive Law § 632-a [3]). Supreme Court granted the application prompting this appeal. We now affirm.

Claiming that the "tactics" utilized by petitioner in securing the subject preliminary injunction were "illegal and unlawful," respondent attempts to raise an as-applied constitutional challenge to Executive Law § 632-a. Specifically, he alleges that he was denied due process, the right to counsel and access to the courts. His entire challenge, however, hinges on the wholly unsubstantiated allegation that petitioner and the Department of Correctional Services colluded in denying his disbursement requests so as to give petitioner time to obtain the subject provisional relief. This bald contention has no support in the record nor, as respondent urges, is it reasonably inferable from the facts.

To the contrary, the record confirms that respondent's disbursement requests were denied by the Deputy Superintendent because respondent did not comply with the necessary procedures. In particular, Department of Correctional Services Directive 2798 (III) (1) (c) requires that any such request receive the "written approval of the Superintendent (or designee)." Moreover, an inmate making such a request "must identify the name and address of the recipient, the relationship of the payee to the inmate, and the purpose of the disbursement." Here, respondent's requests did not receive the requisite approval because the applications were facially deficient. Each was properly returned to respondent with instructions on the appropriate procedures and none was resubmitted in correct form prior to petitioner's application for injunctive relief. Simply stated, respondent's allegation of collusion between petitioner and correctional officials is based on pure speculation.

As respondent has failed to offer factual or legal evidence demonstrating that Executive Law § 632-a was unconstitutional as applied to him, and since no other legal or constitutional challenge has been pursued on appeal, we affirm Supreme Court's order granting petitioner a preliminary injunction.

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.