OPINION OF THE COURT
Joseph C. Teresi, J.
This case is reassigned to this judge by Administrative Judge George B. Ceresia, Jr. due to the resignation of Judge Thomas J. Spargo on April 14, 2006 (CPLR 9002).
This is a proceeding brought pursuant to Executive Law § 632-a (Son of Sam Law) in which crime victim K.A.S. seeks to modify the preliminary injunction previously granted herein to permit her to partially satisfy a $5,000,000 judgment she obtained against inmate George Wendell by having funds in Wendell’s inmate account turned over to her.
In particular, the issue presented is whether the funds in the inmate account, which consist of money received by Wendell as United States military retirement pay and United States civil service retirement pay, are exempt from satisfaction of K.A.S.’s judgment pursuant to CPLR 5205 (e) or pursuant to any applicable federal statute.
Wendell was convicted and concurrently sentenced in 2002 to 15 years for the crime of course of sexual conduct against a child in the first degree, U/s to 4 years for sodomy in the third degree and one year for endangering the welfare of a child. The sexual assaults began when K.A.S. was 10 years old and continued for 3 years. On March 2, 2004, K.A.S. obtained a judgment against Wendell in the Orange County Supreme Court in the amount of $5,000,000.
The funds in the inmate account consist of both military retirement pay and civil service benefits apparently earned through civilian employment of Wendell by the United States Government. Wendell has not shown any statute which exempts the civil service benefits from garnishment and K.A.S. has pointed out that 5 USC § 2101 (1) specifically excludes the armed forces from the definition of the civil service. K.A.S. further shows that 5 USC § 8345 (j) (1) (B) requires that payments which would otherwise be made to a civil service member shall be paid to another person “to the extent expressly provided for in the terms of. . . any . . . order ... in the nature of garnish *803 ment for the enforcement of a judgment rendered against such . . . Member . . . for physically, sexually, or emotionally abusing a child.”
Wendell has failed to show that the funds in his inmate account which derive from civil service benefits are exempt from garnishment.
The court rejects Wendell’s argument that the military retirement pay funds in his inmate account are exempt pursuant to 38 USC § 5301 as veteran’s benefits since the record shows that the funds are not “benefits due . . . under any law administered by the Secretary [of the Department of Veterans Affairs Administration]” (38 USC § 5301 [a] [1]) but are instead administered by the Defense Finance and Accounting Service. New York courts have long recognized that veteran’s disability benefits are subject to greater protection than regular military retirement benefits (see, Hoskins v Skojec, 265 AD2d 706 [1999]; 10 USC § 1408).
Wendell’s military retirement pay is not protected from garnishment by federal statute. In fact, 5 USC § 5520a (b) provides that “pay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person.”
With respect to the state exemption claimed by Wendell, CPLR 5205 (e) provides as follows:
“Exemptions to members of armed forces. The pay and bounty of a non-commissioned officer, musician or private in the armed forces of the United States or the state of New York; a land warrant, pension or other reward granted by the United States, or by a state, for services in the armed forces; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the armed forces of the United States or a state; and the uniform, arms and equipments which were used by a person in the service, are exempt from application to the satisfaction of a money judgment; provided, however, that the provisions of this subdivision shall not apply to the satisfaction of any order or money judgment for the support of a person’s child, spouse, or former spouse.”
The record shows that Wendell is a retired United States Air Force technical sergeant and Wendell argues that the military retirement pay he is receiving is exempt from garnishment as either the “pay” of a “non-commissioned officer” or as a “pension” for service in the “armed forces.”
*804 It is generally accepted by the courts that since
“ ‘retired pay’ to which retired regular military personnel are entitled constitutes remuneration for current employment as a retired member of the armed forces, rather than a pension for past services, it is subject to garnishment to the extent that compensation for services rendered to a private employer is subject under a particular state’s law.” (31 Am Jur 2d, Exemptions § 196; see, Crane v Crane, 417 F Supp 38 [1976]; United States v Williams, 279 Md 673, 370 A2d 1134 [1977]; Elmwood v Elmwood, 295 NC 168, 244 SE2d 668 [1978]; Baker v Baker, 91 Wash 2d 482, 588 P2d 1164 [1979].)
The court finds that Wendell’s military retirement pay is not a “pension” for service in the “armed forces,” but rather constitutes the “pay” of a “non-commissioned officer.”
The military retirement pay portion of the inmate account is thus prima facie exempt from garnishment pursuant to CPLR 5205 (e). K.A.S. argues, however, that the general exemption contained in CPLR 5205 (e) must yield to the specific mandate of Executive Law § 632-a requiring that a crime victim be permitted to recover from any source of money and property belonging to a convicted person.
The United States Supreme Court has recognized “that the State has a compelling interest in ensuring that victims of crime are compensated by those who harm them” (Simon & Schuster, Inc. v Members of N.Y. State Crime Victims Bd., 502 US 105, 118 [1991]; see, Ciafone v Kenyatta, 27 AD3d 143 [2005]; Snuszki v Wright, 193 Misc 2d 490, 494 [2002], affd 1 AD3d 879 [2003], appeal dismissed 1 NY3d 623 [2004]).
New York, by enacting the Son of Sam Law in 1977, became the first state to provide such compensation to crime victims (Mem in Support of L 2001, ch 62, 2001 McKinney’s Session Laws of NY, at 1310). Thirty states and the federal government have followed New York’s lead (id.).
In 2001, the present version of the statute was enacted by the Legislature to permit victims to bring an action within three years of the discovery of any “funds of a convicted person” (Executive Law § 632-a [3]). “Funds of a convicted person” are defined as “all funds and property received from any source by a person convicted of a specified crime” (Executive Law § 632-a [1] M).
Executive Law § 632-a (1) (c) excludes “child support” and “earned income” from the funds of a convicted person. “Earned *805 income” is defined as income derived from one’s own labor “as distinguished from income from, for example, dividends or investment.” (Executive Law § 632-a [1] [f].)
The court finds that the funds derived from Wendell’s military retirement pay are not excluded from garnishment as “earned income” pursuant to Executive Law § 632-a (1) (c) for two reasons. First, the retirement pay Wendell is presently receiving is not derived from any current labor performed by Wendell for the United States Air Force. Significantly, the United States Supreme Court has held that, for taxation purposes, “military retirement benefits are to be considered deferred pay for past services” (Barker v Kansas, 503 US 594, 605 [1992]).
Second, it appears from the legislative history of Executive Law § 632-a that “earned income” is excluded from the “funds of a convicted person” only for the purpose of determining when certain notice provisions of the statute apply. Those provisions require various individuals or entities to notify the Crime Victims Board and the victim when the inmate receives funds in excess of $10,000, excluding child support and earned income. In particular the legislative memorandum states that:
“Indeed, the purpose of the foregoing provisions is limited to whether a person must give notice of the crime victim’s receipt of employment income — not whether a crime victim may subsequently recover such funds in a civil action — as the provisions operate to relieve a person of the responsibility to give notice whenever the payment or payments represent employment income” (Mem in Support at 1306).
It appears that the child support and earned income exclusions were intended to relieve payers of child support and employers of paroled or probationary convicted persons from the notification requirements. To exclude earned income from garnishment by a judgment creditor would place the crime victim in a worse position than other judgment creditors and in a worse position than before the amendment of the law, a result surely not intended by the Legislature.
The legislative history of Executive Law § 632-a shows that the purpose of the 2001 amendment was to enable “crime victims to commence a lawsuit under the extended statute of limitations available under the ‘Son of Sam law’ to recover money and property received by or on behalf of a convicted person from virtually any source” (Mem in Support at 1305). *806 The legislative memorandum explains that the “funds of a convicted person” includes “all funds and property that a convicted person receives from any source.” (Id.) Further, the legislative memorandum demonstrates the Legislature’s understanding in enacting the bill that “employment income earned by a convicted person, as well as all other forms of earned and unearned income, are always recoverable by a crime victim once the crime victim commences a cause of action pursuant to Executive Law § 632-a” (id. at 1306). In summary, the legislative memorandum finds that:
“Criminals should be held accountable to their victims financially, regardless of their source of wealth. Debts that criminals have with crime victims should not disappear because of passage of time or the notion that they will never be able to pay. Simply put, if a criminal gains the ability to pay while he or she is a ward of the local, State or federal criminal justice system (or acquires a financial or proprietary interest while a ward of the system), then the victim who was injured by the criminal should no longer shoulder expenses that directly relate to the crime. The bill embraces these fundamental principles, and instills responsibility and fairness in the way crime victims are compensated.” (Id. at 1312.)
It is apparent that the Legislature intended that a crime victim be compensated from any “source of wealth” of the criminal. The court therefore finds that the general exemption provision of CPLR 5205 (e), enacted in 1962, must yield to the specific provisions of Executive Law § 632-a, enacted in 2001.
Finally, the court notes that the purpose of the CPLR 5205 (e) exemption is to provide the “recipient[s] of the benefits . . . some degree of security . . . [and] to insure the public against the pauperism of the recipient^]” (Matter of Weinberg, 201 Misc 489, 493 [1952]). Since Wendell is fully supported by the State of New York there is no danger that the purpose of the exemption will be frustrated.
The motion is granted and the preliminary injunction previously granted herein is amended to permit K.A.S. to partially satisfy the $5,000,000 judgment she obtained against Wendell by having funds in Wendell’s inmate account turned over by the facility superintendent.