In the Matter of NEW YORK STATE CRIME VICTIMS BOARD, on Behalf of ALBERT ORGANEK and Others, Respondent, v ANTONIO D. HARRIS, Appellant. [891 NYS2d 175]—

Stein, J.

In 2008, respondent—who is serving an aggregate prison term of 20 years to life for murder in the second degree, among other convictions—began inquiring as to the release of funds being held in a guardianship account established for his benefit in 1995.[1] Surrogate's Court (Howe, S.) notified petitioner of the existence of the $23,000 in the account pursuant to SCPA 2222-a. That court also ordered that the funds be held for at least 30 days and until further order of the court. Respondent then filed a petition for termination of the account and release of the funds. In the interim, however, petitioner commenced this proceeding pursuant to the Son of Sam Law (*see* Executive Law § 632-a), seeking a preliminary injunction prohibiting respondent from accessing the funds until such time as the claims of respondent's crime victims could be resolved. Petitioner also sought a temporary restraining order to protect the funds during the pendency of this proceeding. Supreme Court granted both the temporary restraining order and, subsequently, the preliminary injunction. Respondent now appeals and we affirm.

Preliminarily, we are unpersuaded by respondent's contention that the funds in question are not subject to the Son of Sam Law because the guardianship account was established—and he became entitled to the funds therein—prior to the enactment of the relevant provisions of that law.[2] The guardianship expired in 1997 when respondent reached 18 years of age (*see generally* SCPA 1707 [2]). In its 2001 amendments to the Son of Sam Law, the Legislature broadly defined "[f]unds of a convicted person" as "all funds and property received from any source by

---

1. Although respondent reached the age of majority in 1997, the funds were not released to him at that time.

2. In 2001, the Legislature—in an effort to improve the ability of crime victims to obtain full and just compensation—amended the Son of Sam Law to, among other things, include "funds of a convicted person" (L 2001, ch 62, § 1), in addition to profits from a crime (*see* Executive Law § 632-a [1] [b]).

a person convicted of a specified crime" (Executive Law § 632-a [1] [c]) and excluded only four categories of funds (*see* Executive Law § 632-a [3]; CPLR 5205 [k]), none of which is relevant here. Thus, the funds held by Surrogate's Court constitute "funds of a convicted person," which may be received by respondent upon an order of Surrogate's Court and are properly subject to the provisions of the Son of Sam Law.

We also discern no error in Supreme Court's issuance of injunctive relief. Executive Law § 632-a sets forth a statutory scheme intended to improve the ability of crime victims to obtain full and just compensation from the person(s) convicted of the crime (*see* Governor's Approval Mem, Bill Jacket, L 2001, ch 62; McKinney's Cons Laws of NY, Book 1, Statutes § 124). As such, when petitioner receives either a copy of a summons and complaint or notice from a crime victim of intent to commence a civil action to recover money damages from the person convicted of the crime, petitioner is obligated to take appropriate action to "avoid the wasting of the assets identified . . . as funds of a convicted person" (Executive Law § 632-a [5] [c]). The statute specifically authorizes petitioner to "apply for any and all provisional remedies that are also otherwise available to the plaintiff" (Executive Law § 632-a [6]), including the remedies of attachment, injunction, receivership and notice of pendency (*see* Executive Law § 632-a [6] [a]).

Respondent's argument that injunctive remedies are not available to petitioner because they would not be available to a plaintiff suing for money damages (*see* CPLR 6301) is unpersuasive. While it is true that such remedies are generally unavailable in actions for damages (*see Credit Agricole Indosuez v Rossiyskiy Kredit Bank*, 94 NY2d 541, 544-545 [2000]), a crime victim does not stand in the same shoes as a potential ordinary creditor. Indeed, the Legislature went to great lengths to provide avenues to allow crime victims to be compensated for their losses. The Son of Sam Law clearly concerns civil actions brought on behalf of crime victims to recover from the convicted persons for the victims' damages resulting from the crimes. Thus, the interpretation of the statute urged upon us by respondent to prevent petitioner from obtaining injunctive relief pending the outcome of such a proceeding would render meaningless the provisions bestowing such authority upon petitioner and would defeat the very purpose of the statute (*see* Executive Law § 632-a [6]; *see generally* McKinney's Cons Laws of NY, Book 1, Statutes §§ 111, 144; *Matter of SIN, Inc. v Department of Fin. of City of N.Y.*, 71 NY2d 616, 621-622 [1988]; *Matter of Lewis Family Farm, Inc. v New York State Adirondack*

*Park Agency*, 64 AD3d 1009, 1013-1014 [2009]). Accordingly, our courts have consistently countenanced the grant of preliminary injunctions in cases such as this (*see Matter of New York State Crime Victims Bd. v Mitchell*, 12 AD3d 870 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of New York State Crime Victims Bd. v Jackson*, 4 AD3d 710, 711 [2004]; *New York State Crime Victims Bd. v Wendell*, 12 Misc 3d 801 [Sup Ct, Albany County 2006]; *New York State Crime Victims Bd. v Majid*, 193 Misc 2d 710, 715 [Sup Ct, Albany County 2002]; *see also Thompson v 76 Corp.*, 37 AD3d 450 [2007]). Furthermore, we find that petitioner has otherwise satisfied the statutory requirements for obtaining such relief (*see* CPLR 6311).

Respondent's remaining contentions have been considered and are either academic or unavailing.

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.