■ In the Matter of NEW YORK STATE CRIME VICTIMS BOARD, on Behalf of SYLVIA HAYES, Respondent, v MICHAEL SOOKOO, Appellant. [909 NYS2d 823]—

Cardona, P.J. Appeal from an order of the Supreme Court (McNamara, J.), entered September. 22, 2009 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, granted petitioner's motion for a preliminary injunction.

Respondent was convicted of murder in the second degree and was sentenced in 2001 to a prison term of 20 years to life. In March 2009, petitioner was notified by the Department of Correctional Services that respondent's inmate account exceeded $10,000 (*see* Executive Law § 632-a [2] [b]). This information was relayed to the victim's mother who then notified petitioner that she, as the representative of the victim, intended to commence a civil action for money damages against respondent (*see* Executive Law § 621 [6]; § 632-a [2] [c]; [3]). Thereafter, petitioner commenced this proceeding pursuant to the Son of Sam Law seeking a preliminary injunction to preserve the subject funds (*see* Executive Law § 632-a [4], [5], [6]). Supreme Court granted petitioner's application, and this appeal ensued.

Initially, respondent contends that petitioner acted without authority in seeking a provisional remedy on behalf of the victim's mother inasmuch as she does not qualify as a representative within the meaning of the Executive Law and, in any event, she did not request that petitioner move for injunctive relief. However, such contentions were not advanced before Supreme Court and, therefore, are not properly before us (*see City of Albany v Central Locating Serv.*, 228 AD2d 920, 922 [1996]; *General Motors Acceptance Corp. v Bank of Richmondville*, 203 AD2d 851, 853 [1994]).

Next, respondent's assertion that certain funds in his account—specifically the $2,452 drawn from a pension fund—qualify as "[e]arned income" and, thus, cannot be considered "[f]unds of a convicted person" eligible for recovery in a civil action (Executive Law § 632-a [1] [c], [f]) is misplaced. The distinction between earned and unearned income is relevant only to determine whether petitioner must be notified, and has no effect on the ability of a crime victim or a victim's representative to recover such income in a civil action (*see* Governor's Approval Mem, Bill Jacket, L 2001, ch 62, at 3, reprinted in

2001 NY Legis Ann, at 44; Senate Introducer Mem in Support of L 2001, ch 62, reprinted in 2001 McKinney's Session Laws of NY, at 1306).

Furthermore, we find no error in Supreme Court granting the injunctive relief. Although generally unavailable in actions for money damages, injunctive remedies are permitted in cases such as this (*see Matter of New York State Crime Victims Bd. v Harris*, 68 AD3d 1269, 1271-1272 [2009]). Inasmuch as the record demonstrates that petitioner satisfied the criteria for obtaining a preliminary injunction (*see* CPLR 6311, 6312), Supreme Court's order will not be disturbed (*see Matter of New York State Crime Victims Bd. v Harris*, 68 AD3d at 1271-1272; *Matter of New York State Crime Victims Bd. v Mitchell*, 12 AD3d 870 [2004], *lv denied* 4 NY3d 707 [2005]).

Respondent's remaining contentions have been reviewed and found to be without merit.

Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.