Buckley v McAteer (2022 NY Slip Op 06782)

Buckley v McAteer

2022 NY Slip Op 06782

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05116
 (Index No. 2089/20)

[*1]Denise M. Buckley, et al., appellants,
v
Nicholas S. McAteer, et al., respondents.

Dupée & Monroe, P.C., Goshen, NY (James E. Monroe of counsel), for appellants.
Law Office of Robert S. Sunshine, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Kenneth J. Gorman], of counsel), for respondent Patricia A. McAteer.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated June 24, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for a preliminary injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the defendant Nicolas S. McAteer (hereinafter McAteer) was arrested and charged in an 82-count indictment with sexual abuse in the first degree, criminal sexual act in the second degree, incest in the second degree, and rape in the first degree, among other charges, for conduct he repeatedly and continuously committed against the plaintiffs, his nieces, beginning when they were 12 and 13 years old. In 2018, McAteer entered a plea of guilty to two counts of rape in the first degree in full satisfaction of the indictment, and was sentenced to concurrent terms of imprisonment of 18 years, to be followed by a period of postrelease supervision of 10 years.
In 2020, the plaintiffs commenced this action, inter alia, to recover damages for assault and battery and negligent and intentional infliction of emotional distress against McAteer, among others. The plaintiffs moved, among other things, pursuant to CPLR article 63 and Executive Law § 632-a, for a preliminary injunction, restraining the sale, assignment, or transfer of any property in McAteer's name, possession, or control. In an order dated June 24, 2021, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion, concluding that the provisional remedy of a preliminary injunction was not available to the plaintiffs since they ultimately sought only monetary damages. We agree.
Under traditional equity principles prevailing for over two centuries and applied by both the courts of this state and federal courts, plaintiffs seeking only monetary damages have "'no rights as against the property of the defendant until [they] obtain[ ] a judgment, and until then [they have] no legal right to interfere with the defendant in the use and sale of the same'" (Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 545-546 [emphasis omitted], quoting Campbell v Ernest, 64 Hun 189, 192; see Grupo Mexicano de Desarrollo S.A. v Alliance Bond Fund, Inc., 527 [*2]US 308, 319-320 ["a general creditor (one without a judgment) had no cognizable interest, either at law or in equity, in the property of his (or her) debtor, and therefore could not interfere with the debtor's use of that property"]). As the Court of Appeals has explained, this principle is embodied in CPLR 6301, which provides, in pertinent part: "A preliminary injunction may be granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual" (emphasis added; see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d at 547). Since CPLR 6301 "requires a specific 'subject matter,' an action for money only does not qualify" (Siegel & Connors, NY Prac § 327 [6th ed June 2022 Update]).
Thus, the plaintiffs in the present action could not obtain a preliminary injunction pursuant to CPLR 6301 "to preserve assets as security for a potential monetary judgment even if the evidence show[ed] that [the defendants] intend[ed] to frustrate any judgment by making it uncollectible" (Fatima v Twenty Seven-Twenty Four Realty Corp., 65 AD3d 1079, 1079; see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541).
We further conclude that the plaintiffs were not entitled to a preliminary injunction pursuant to Executive Law § 632-a, popularly known as "the Son-of-Sam law" (Governor's Approval Mem, NY Bill Jacket, L 2001, ch 62 at 2). That statute, among other things, permits any "crime victim" to bring a civil action for money damages against, inter alia, "a person convicted of a crime of which the crime victim is a victim," within three years of "the discovery of any profits from a crime or funds of a convicted person" (Executive Law § 632-a[3]). The statute further requires a crime victim to notify the Office of Victim Services (hereinafter OVS) upon the filing of any such action (see id. § 632-a[4]), and, in such case, requires OVS to, among other things, notify "all other known crime victims of the alleged existence of profits . . . or funds of a convicted person" and to "avoid the wasting of the assets identified in the complaint as the newly discovered profits [of] a crime or as funds of a convicted person, in any manner consistent with subdivision six of this section" (id. §§ 632-a[5][a], [c]).
Subdivision six provides as follows: "The office, acting on behalf of the plaintiff and all other victims, shall have the right to apply for any and all provisional remedies that are also otherwise available to the plaintiff. (a) The provisional remedies of attachment, injunction, receivership and notice of pendency available to the plaintiff under the civil practice law and rules, shall also be available to the office in all actions under this section. (b) On a motion for a provisional remedy, the moving party shall state whether any other provisional remedy has previously been sought in the same action against the same defendant. The court may require the moving party to elect between those remedies to which it would otherwise be entitled" (id. § 632-a[6] [emphasis added]). The statute also permits a "crime victim" to give notice to OVS prior to filing his or her action "so as to allow [OVS] to apply for any appropriate provisional remedies which are otherwise authorized to be invoked prior to the commencement of an action" (id. § 632-a[4]).
Contrary to the plaintiffs' suggestion, Executive Law § 632-a does not permit a crime victim to obtain injunctive relief where the ultimate relief sought is monetary damages. Assuming that a crime victim (as opposed to OVS) can seek provisional remedies under Executive Law § 632-a, that statute expressly refers to provisional remedies "available to the plaintiff under the civil practice law and rules" and makes reference to provisional remedies that are "otherwise authorized" or "otherwise available." Such language weighs against a conclusion that Executive Law § 632-a was intended to expand provisional remedies beyond the statutory remedies already available to a crime victim under the Civil Practice Law and Rules (see New York State Crime Victims Bd. v T.J.M. Prods., 265 AD2d 38, 45 [1st Dept][the Son-of-Sam law "does not provide any new remedies, but consigns the victim, and (OVS) acting on behalf of the crime victim and other victims, to the remedies already available to the plaintiff under the Civil Practice Law and Rules"]; but see Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d 1227, 1228 [3d Dept]; Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1271-1272 [3d Dept]).
Further, nothing in the legislative history supports the inverse conclusion. To the [*3]contrary, the legislative history suggests that the Legislature intended a crime victim seeking to secure assets for eventual satisfaction of a money judgment to pursue the provisional remedy of attachment provided for in CPLR article 62. An order of attachment, which is directed to the appropriate sheriff (see id. § 6211[a]), has the effect of physically or constructively seizing "[a]ny debt or property against which a money judgment may be enforced" (id. § 6202; see Siegel & Connors, NY Prac § 313 [6th ed June 2022 Update]). CPLR 6201 authorizes the court to grant such an order of attachment in an action for money damages, under limited enumerated circumstances.
Significantly, in conjunction with the Legislature's enactment of the above-quoted statutory provisions of the Son-of-Sam law empowering OVS's predecessor (the New York State Crime Victims Board) to apply for provisional remedies on behalf of crime victims, the Legislature also amended CPLR 6201 to add a new ground for pre-judgment attachment of property (see L 1992, ch 618 §§ 2, 10). Specifically, CPLR 6201(4) was amended to permit an order of attachment "when: . . . the action is brought by the victim . . . of a crime . . . against . . . the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to [Executive Law § 632-a]" (see L 1992, ch 618, §§ 2, 10). Indeed, the legislative history explains that the newly enacted law "allows victims to file civil actions within three years of the date of discovery of any [profits of a crime] and empowers the Board to take legal action on behalf of victims to attach assets before they are dissipated" (Budget Report on Bills, Bill Jacket, L 1992, ch 618 [emphasis added]). The fact that the Legislature expressly acted to expand the remedy of attachment to include crime victims' actions, but did not expressly expand the remedy of injunction under CPLR 6301, supports the conclusion that it did not intend to permit crime victims to obtain preliminary injunctions in contravention of established law.
We note that while the plaintiffs papers submitted to the Supreme Court contained a few incidental references to attachment or CPLR 6201, the remedy they clearly sought, and continue to seek on appeal, is that of a preliminary injunction. The two remedies are distinct, operate differently, and are not interchangeable (compare CPLR art 62, with CPLR art 63; see generally Siegel & Connors, NY Prac § 306 [6th ed June 2022 Update]). Indeed, a plaintiff can be required to elect between remedies and may be held to such election (see CPLR 6001; Executive Law § 632-a[6][b]; LaCarrubba v Naclerio, 1 AD3d 571, 572).
Since the plaintiffs were not entitled to the preliminary injunction they sought, the Supreme Court properly denied that branch of their motion which sought that relief.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court