Matter of New York State Off. of Victim Servs. v Johnson (2024 NY Slip Op 05522)

Matter of New York State Off. of Victim Servs. v Johnson

2024 NY Slip Op 05522

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-1131
[*1]In the Matter of the New York State Office of Victim Services, on Behalf of Harriet Days, Respondent,
v
Ernest Johnson, Appellant.

Calendar Date:September 5, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Prisoners' Legal Services of New York, Ithaca (Krin Flaherty of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered May 24, 2023 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, granted petitioner's motion for a preliminary injunction.
Respondent was convicted in 2022 upon his plea of guilty of murder in the second degree and sentenced to a prison term of 20 years to life (see generally People v Johnson, 229 AD3d 1300, 1301 [4th Dept 2024]). While in county jail before his conviction, respondent settled a 2018 workplace injury claim for $41,000 plus counsel fees. Respondent's settlement funds were deposited into his prisoner account at the county jail in May 2021. Upon respondent's sentencing and transfer to the Department of Corrections and Community Supervision (hereinafter DOCCS), the county jail transferred the $28,012.34 remaining in his prisoner account to him by check. DOCCS received the check and notified petitioner that respondent's incarcerated individual account exceeded $10,000 (see Correction Law § 116). Petitioner, in turn, notified respondent's crime victim of the settlement funds, and the victim affirmed an intention to bring an action against respondent.
By petition brought on by order to show cause, petitioner, on the crime victim's behalf, commenced this proceeding pursuant to Executive Law § 632-a, commonly called the Son of Sam Law, seeking a preliminary injunction restraining respondent from spending or encumbering all but the first $1,000 of his incarcerated individual account. Supreme Court granted the injunction, and this appeal by respondent ensued. We affirm.
"Executive Law § 632-a sets forth a statutory scheme intended to improve the ability of crime victims to obtain full and just compensation from the person(s) convicted of the crime by allowing crime victims or their representatives to sue the convicted criminals who harmed them when the criminals receive substantial sums of money from virtually any source and protecting those funds while litigation is pending" (Waldman v State of New York, 163 AD3d 1114, 1115 [3d Dept 2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 910 [2018]). Originally directed solely at profits from a crime, the Legislature amended the Son of Sam Law in 2001 "to allow a crime victim to seek recovery from 'funds of a convicted person,' which includes 'all funds and property received from any source by a person convicted of a specified crime' " (Prindle v Guzy, 179 AD3d 1169, 1170 [3d Dept 2020], quoting Executive Law § 632-a [1] [c]). As relevant here, the Son of Sam Law shields the first $1,000 of an incarcerated individual's account from recovery, but otherwise the Legislature intended "to ensure that convicted persons who gain the ability to pay are held financially accountable to their victims regardless of their source of wealth" (Matter of New York State Off. of Victim Servs. v Vigo, 162 AD3d 1335, 1336 [3d Dept 2018] [internal quotation marks and citation omitted], lv [*2]denied 32 NY3d 908 [2018]).
Given this background, respondent's settlement funds are subject to restraint and recovery under the Son of Sam Law even though he acquired them before his conviction (see Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1270-1271 [3d Dept 2009]). Further, and contrary to respondent's view, the settlement funds are not "[e]arned income" as they are not "derived from one's own labor or through active participation in a business" (Executive Law § 632-a [1] [f]). Even if they were, the exclusion of earned income from the definition of funds of a convicted person "is relevant only to determine whether petitioner must be notified [of a transaction involving such funds], and has no effect on the ability of a crime victim or a victim's representative to recover such income in a civil action" (Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d 1227, 1227 [3d Dept 2010]; accord Matter of New York State Off. of Victim Servs. v Vigo, 162 AD3d at 1336; see Executive Law § 632-a [1] [c]; [2] [a], [b]).
Respondent contends that the Workers' Compensation Law shields his settlement funds from provisional remedies sought by petitioner under the Son of Sam Law. We disagree. Although workers' compensation benefits, including the settlement funds, are "exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt" pursuant to Workers' Compensation Law § 33, the later-enacted Son of Sam Law, as amended in 2001, does not include workers' compensation benefits in its list of carve-outs (see Executive Law § 632-a [3]). Accordingly, we conclude the omission is intentional, and that the Son of Sam Law supersedes Workers' Compensation Law § 33 (see Kane v Galtieri, 122 AD3d 582, 587 [2d Dept 2014]; see also Prindle v Guzy, 179 AD3d at 1171).
Respondent's contention that the Son of Sam Law does not authorize petitioner to apply for a preliminary injunction because such relief is unavailable to a plaintiff suing for money damages is foreclosed by our decision in Matter of New York State Crime Victims Bd. v Harris (68 AD3d at 1271-1272). Although the statute endows petitioner with "the right to apply for any and all provisional remedies that are also otherwise available to the plaintiff" (Executive Law § 632-a [6]), the statute goes on to state, "The provisional remedies of attachment, injunction, receivership and notice of pendency available to the plaintiff under the [CPLR], shall also be available to [petitioner] in all actions under this section" (Executive Law § 632-a [6] [a] [emphasis added]). To the extent the language in Executive Law § 632-a is ambiguous, we resolved the ambiguity in favor of petitioner because "the Legislature went to great lengths to provide avenues to allow crime victims to be compensated for their losses," including a mandate that petitioner "take appropriate action to 'avoid the wasting of the assets identified . . . as funds [*3]of a convicted person' " (Matter of New York State Crime Victims Bd. v Harris, 68 AD3d at 1271, quoting Executive Law § 632-a [5] [c]). In any event, "our courts have consistently countenanced the grant of preliminary injunctions in cases such as this" (id. at 1272 [collecting cases]; see Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d at 1228; see also Matter of New York State Off. of Victim Servs. v Wade, 79 Misc 3d 254, 257-258 [Sup Ct, Albany County 2023]; compare Buckley v McAteer, 210 AD3d 1044, 1046 [2d Dept 2022] [Son of Sam Law does not expand provisional remedies available to a crime victim, as opposed to petitioner], lv dismissed 39 NY3d 1128 [2023]). Thus, "under the principle of stare decisis and in the absence of any compelling grounds" (Matter of Best Payphones, Inc. v Public Serv. Commn. of the State of N.Y., 192 AD3d 1416, 1421 [3d Dept 2021], lv denied 37 NY3d 914 [2021], cert denied ___ US ___, 142 S Ct 2815 [2022]), we decline to adopt respondent's interpretation of Executive Law § 632-a.
Respondent's remaining contentions, including his argument that the Son of Sam Law's notice requirements govern the "jurisdictional limits" of petitioner's authority to seek provisional remedies on behalf of a crime victim, are meritless (see Matter of New York State Off. of Victim Servs. v Vigo, 162 AD3d at 1336).[FN1]
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Respondent's argument that petitioner's application for injunctive relief did not demonstrate irreparable harm or that the balance of the equities tilted in the crime victim's favor is asserted for the first time in his reply brief and, as such, not properly before us (see Matter of O'Connor v Sharpe, 208 AD3d 1458, 1460 n 2 [3d Dept 2022]; Matter of Dixon v Rich, 200 AD3d 1378, 1379 [3d Dept 2021]).