Matter of New York State Off. of Victim Servs. v Marshall

2026 NY Slip Op 02184

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of New York State Office of Victim Services, on behalf of Wayne Reynolds, Respondent,

v

Anthony Marshall, Appellant.

Decided and Entered:April 9, 2026

CV-25-0207

Calendar Date: February 19, 2026

Before: Garry, P.J., Clark, Pritzker, Mcshan And Corcoran, JJ.

Dechert LLP, New York City (Stephen Nathan Williams of counsel), for appellant.

Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

[*1]

Garry, P.J.

Appeal from an order of the Supreme Court (Christina Ryba, J.), entered December 24, 2024 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, granted petitioner's application for a preliminary injunction.

This proceeding arises under the Son of Sam Law (see Executive Law § 632-a). As relevant here, the statute requires that petitioner be notified of any "funds of a convicted person" in excess of $10,000, excluding child support and earned income, so that petitioner may in turn notify the victims of the existence of such funds (Executive Law § 632-a [2] [a], [c]; see Executive Law § 632-a [1] [c]; [4]). Respondent is such a person, having been convicted of aggravated harassment of an employee by an incarcerated individual in 2013 and sentenced to a prison term of 1½ to 3 years (see Executive Law § 632-a [1] [c] [i]), concurrent to the term he was already serving. In 2024, respondent entered into a settlement agreement with the Attorney General, on behalf of the Department of Corrections and Community Supervision and others, resolving litigation concerning his confinement for $390,000. The State Comptroller provided the required notice to petitioner upon the impending disbursement of those funds. Petitioner notified the victim of respondent's 2013 crime of the existence of the settlement funds on August 13, 2024; the victim thereafter submitted an affidavit expressing an intent to commence a civil action against respondent for money damages within the renewed limitations period (see Executive Law § 632-a [3]). Petitioner accordingly commenced this proceeding on behalf of the victim seeking a preliminary injunction restraining respondent from transferring, encumbering or otherwise disposing of any nonexempt portion of the settlement proceeds (see Executive Law § 632-a [3], [5], [6]; CPLR 5205 [k]). Respondent opposed, and Supreme Court granted the requested injunction. Respondent appeals.

To show that a preliminary injunction is warranted, the movant "must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see CPLR 6301; see generally Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1271-1272 [3d Dept 2009]). "Ultimately, the decision to grant or deny a request for a preliminary injunction is committed to the sound discretion of the trial court, and our review is limited to whether Supreme Court has either exceeded or abused its discretion as a matter of law" (R. Kelly Freedman Holding Group, LLC v P & M Brick, LLC, 242 AD3d 1402, 1405 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of New York State Off. of Victim Servs. v Mobayed, 245 AD3d 1085, 1086 [3d Dept 2026]).

Petitioner has established a likelihood of success on the merits. Respondent's conviction is conclusive proof of the underlying conduct [*2]for purposes of a civil suit (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 667 [1990]; S.T. Grand, Inc. v City of New York, 32 NY2d 300, 305 [1973]; Matter of New York State Off. of Victim Servs. v Alexis, 233 AD3d 1248, 1250 [3d Dept 2024], lv denied 43 NY3d 905 [2025]). Contrary to respondent's claim, the law does not require a judicial assessment of the likelihood that the victim will ultimately commence suit; notice of such intent is all that is required to authorize preservation of assets (see Executive Law § 632-a [5] [c]).

Petitioner has also demonstrated irreparable harm in the absence of injunctive relief. Once the subject funds are distributed to respondent, they may be transferred, spent or otherwise dissipated beyond the reach of a potential judgment. The statutory scheme expressly directs petitioner to take action to avoid the wasting of such assets when notice of intent to sue has been provided (see Executive Law § 632-a [5] [c]). Courts have recognized that permitting unrestricted access to funds under these circumstances would defeat the legislative objective of preserving assets for potential victim compensation (see Matter of New York State Crime Victims Bd. v Harris, 68 AD3d at 1271). Requiring proof that respondent has already begun, or is on the verge of, dissipating funds would similarly undermine the statute.

Lastly, the balance of equities favors issuance of the injunction. The public policy underlying the Son of Sam Law reflects a legislative determination that preservation of assets for victim compensation outweighs a convicted person's interest in immediate access to nonexempt funds subject to potential recovery (see Governor's Approval Mem, Bill Jacket, L 2001, ch 62 at 1, 4; see also Simon & Schuster, Inc. v Members of the N.Y. State Crime Victims Bd., 502 US 105, 118 [1991]; Matter of New York State Crime Victims Bd. v Harris, 68 AD3d at 1271). Although respondent asserts hardship in being unable to access the settlement funds upon his release from incarceration, this hardship is tempered by the statutory framework itself, which contemplates only temporary restraint of funds pending the filing and resolution of a civil action by a victim and exempts certain funds from any restraint, including the first 10% of any compensatory damages award (see Executive Law § 632-a [3]; CPLR 5205 [k]). That 10% carve out has been made available to respondent.

Respondent's remaining contentions, to the extent not expressly addressed herein, have been evaluated and determined to be without merit. We ultimately discern no abuse of discretion in Supreme Court's issuance of the subject relief.

Clark, Pritzker, McShan and Corcoran, JJ., concur.

ORDERED that the order is affirmed, without costs.