■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENROY VIGO, Appellant.—Judgment, Supreme Court, Bronx County (John P. Collins, J.), rendered December 21, 1988, convicting defendant, after jury trial, of murder in the second degree and assault in the second degree and sentencing him, as a second felony offender, to concurrent indeterminate terms of 25 years' to life and 3 to 7 years' imprisonment, respectively, unanimously affirmed.

Defendant's contention that the jury verdict was against the weight of the evidence because of alleged inconsistencies in the testimony of the People's key witness and because, contrary to the opinion of a prosecution expert voice identification witness, a defense audio expert opined that the voice on a 911 tape recording (containing, essentially, a confession) was not that of defendant is without merit. The testimony of the People's key witness was that in the early morning hours of March 20, 1986, she witnessed defendant's fatal attack on her best friend, Simone Ware, with a baseball bat and a kitchen knife, and herself was struck forcefully in the head by defendant. The testimony of medical and police witnesses, as well as that of defendant's sister, tended to corroborate the testimony of the People's key witness. The alleged inconsistencies in this eyewitness's testimony, including the degree of force used in the attack on Ms. Ware and the amount of blood the witness might have been expected to observe, cannot negate the fact that defendant's guilt was proved by overwhelming

evidence. *(See, People v Gruttola,* 43 NY2d 116.) Questions relating to credibility and to the weight to be given to particular testimony, including that of opposing expert witnesses, are for the trier of fact to resolve *(see, People v Siu Wah Tse,* 91 AD2d 350). The conclusions of the jury in this case, drawn from competing inferences, and not being unreasonable, must be upheld *(see, People v Kennedy,* 47 NY2d 196). Lastly, defendant's totally unsupported and patently far-fetched contention that he was "framed" can hardly be viewed as raising a reasonable doubt. *(People v Bleakley,* 69 NY2d 490.) Concur —Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.