Matter of New York State Off. of Victim Servs. v Vigo (2018 NY Slip Op 04608)





Matter of New York State Off. of Victim Servs. v Vigo


2018 NY Slip Op 04608


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

525057

[*1]In the Matter of NEW YORK STATE OFFICE OF VICTIM SERVICES, on Behalf of SHAKIRA CARTER et al., Respondent,
v
DENROY VIGO, Appellant.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Denroy Vigo, Beacon, appellant pro se.
Barbara D. Underwood, Attorney General, Albany (Owen Demuth of counsel), for respondent.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (O'Connor, J.), entered April 12, 2017 in Albany County, which, among other things, in a proceeding pursuant to Executive Law § 632-a, granted petitioner's motion for a preliminary injunction.
Respondent was convicted of murder in the second degree and assault in the second degree and, in 1988, was sentenced to an aggregate prison term of 25 years to life. In 2016, the Department of Corrections and Community Supervision (hereinafter DOCCS) notified petitioner that respondent's inmate account exceeded $10,000 (see Executive Law § 632-a [2] [b]). Petitioner relayed the existence of such funds to respondent's victims who, in turn, informed petitioner that they intended to commence a civil action for money damages against respondent (see Executive Law §§ 621 [6]; 632-a [1] [d]; [2] [c]; [3]). Petitioner then commenced this proceeding pursuant to Executive Law § 632-a, commonly known as the Son of Sam Law, seeking, among other things, a preliminary injunction to preserve the subject funds (see Executive Law § 632-a [4], [5], [6]). Respondent answered and, thereafter, moved to dismiss the petition. Supreme Court, among other things, granted petitioner's application for a preliminary injunction, and this appeal ensued.
Initially, we find unavailing respondent's contention that, because the notice provided by DOCCS to petitioner, and, in turn, to respondent's victims, was not statutorily required, respondent's victims should not benefit from the extended statute of limitations provided for in Executive Law § 632-a (3). Generally, a crime victim of a violent felony offense has 10 years from the date of the crime to bring a civil action against the individual convicted of said crime to recover money damages for any injury or loss resulting therefrom (see CPLR 213-b [2]; Executive Law § 632-a [1] [d], [e] [i] [A]; Penal Law § 70.02 [1] [a]). The Son of Sam Law, however, creates a renewed limitations period whereby a crime victim may bring an action within three years of the discovery of "funds of a convicted person" (Executive Law § 632-a [3]). Here, the subject crimes occurred in 1986 (see People v Vigo, 170 AD2d 192, 192 [1991], lv denied 77 NY2d 968 [1991]), thus, the statute of limitations has long since passed. Contrary to respondent's assertion, however, the applicability of the extended statute of limitations provided for in Executive Law § 632-a (3) is not tethered to the $10,000 requirement that triggers the notice provisions of the statute (see Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d 1227, 1227 [2010]). Moreover, although Executive Law § 632-a does not statutorily mandate the type of notice that was provided for here, it does not prohibit it either. Thus, having received notice of newly discovered "funds of a convicted person" (Executive Law § 632-a [3]), respondent's victims are entitled to the benefit of the extended limitations period, without regard to the amount of funds in respondent's inmate account.
Next, to the extent that respondent argues that his earned income should be excluded from any future recovery, and, thus, excluded from the purview of the subject preliminary injunction, this Court has previously held that "[t]he distinction between earned and unearned income is relevant only to determine whether petitioner must be notified, and has no effect on the ability of a crime victim or a victim's representative to recover such income in a civil action" (Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d at 1227-1228; see Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1271 [2009]; see also Executive Law § 632-a [3]; CPLR 5205 [k]). The statutory scheme of Executive Law § 632-a was intended to "improve the ability of crime victims to obtain full and just compensation" from the convicted persons "who caused their losses and suffering" and to ensure that convicted persons "who gain the ability to pay are held financially accountable to their victims regardless of their source of wealth" (Governor's Approval Mem, Bill Jacket, L 2001, ch 62 at 1, 4, 2001 NY Legis Ann at 42, 45). In our view, to limit crime victims' recovery by shielding convicted persons' earned income from actions commenced within the renewed limitations period would run afoul of this well-documented intent. Accordingly, we find that Supreme Court properly determined that the entirety of respondent's inmate account was subject to restraint. Respondent does not otherwise challenge the applicability of the criteria for obtaining a preliminary injunction and, to the extent not specifically addressed, respondent's remaining contentions have been reviewed and found to be without merit.
McCarthy, J.P., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.