■ In the Matter of NEW YORK STATE CRIME VICTIMS BOARD, on Behalf of CARRIE STOREY, Respondent, v CHARLES JACKSON, Appellant. [772 NYS2d 419]—

Kane, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered January 17, 2003 in Albany County, which, inter alia, granted petitioner's motion for a preliminary injunction.

Respondent is serving a prison sentence of 25 years to life based upon his conviction of multiple felonies, including murder in the second degree. Upon learning that $10,000 had been deposited in respondent's inmate account, petitioner commenced this proceeding for a preliminary injunction to prohibit respondent from accessing those funds under the "Son of Sam Law" (*see* Executive Law § 632-a), legislation enacted to assist crime victims in their attempts to collect civil damages from the

convicted persons who caused them harm. Petitioner filed this application on behalf of Carrie Storey, the alleged representative of respondent's murder victim. Supreme Court granted petitioner's request for a preliminary injunction, leading respondent to appeal.

Initially, before petitioner can seek relief on behalf of a crime victim, the victim or the victim's representative must file with petitioner a notice indicating an intent to sue the convicted person for damages caused by the crime (*see* Executive Law § 632-a [4], [5] [c]). Contrary to respondent's contentions, there is no requirement that such notice be given to the convicted person or filed with any court. Respondent was not entitled to such notice before this proceeding was commenced.

Considering the record, we must remit the matter to Supreme Court for further proof of Storey's status. A "representative of a crime victim" is granted all the rights of crime victims under the statute (*see* Executive Law § 632-a [1] [d]). While "representative" is broadly defined (*see* Executive Law § 621 [6]), the present record fails to establish that Storey is indeed a representative of respondent's victim. Respondent contested the petition's allegation that Storey was a representative. Petitioner's only proof in that regard was Storey's form affidavit. In the paragraph where she acknowledged that she is a representative, she failed to follow the instructions directing her to indicate her relationship to the victim and cross out the inapplicable choices offered. Some type of relationship must be demonstrated to establish that a person is entitled to represent a crime victim. We therefore remit for a clarification of Storey's status as representative of respondent's crime victim. If petitioner establishes a representative relationship, the record sufficiently supports imposition of a preliminary injunction (*see* CPLR 6311, 6312).

In order to preserve the status quo, this Court will impose a temporary restraining order pending Supreme Court's determination upon remittal.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for a determination of Carrie Storey's status as representative of respondent's crime victim within 90 days of the date of this order; temporary restraining order imposed enjoining respondent or the Superintendent of Eastern Correctional Facility until further order of the Supreme Court from disbursing, encumbering, transferring, distributing or assigning to anyone, for any reason, any and all funds deposited in or credited to respondent, less the first $1,000 in his inmate account.