Prindle v Guzy (2020 NY Slip Op 00011)





Prindle v Guzy


2020 NY Slip Op 00011


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

526834

[*1]Derek S. Prindle, Respondent,
v
John Guzy, Appellant.

Calendar Date: November 20, 2019

Before: Clark, J.P., Mulvey, Devine and Pritzker, JJ.


John Guzy, Dannemora, appellant pro se.
Leonard & Cummings, LLP, Binghamton (Hugh B. Leonard of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Burns, J.), entered February 12, 2018 in Chenango County, which denied defendant's motion to, among other things, vacate a restraining notice.
In October 2014, a road rage incident ended with defendant, a retired New York City police officer, shooting plaintiff in the stomach, severely injuring him, and fatally shooting plaintiff's son. Defendant was convicted of, among other crimes, murder in the second degree and attempted murder in the second degree and was sentenced to a lengthy prison term (People v Guzy, 167 AD3d 1230 [2018], lv denied 33 NY3d 948 [2019]). Prior to defendant's conviction, plaintiff commenced a successful personal injury action against defendant that ultimately resulted in a judgment in excess of $1 million. In August 2017, after defendant was convicted, plaintiff's attorney served a restraining notice, pursuant to CPLR 5222 (b), upon the New York City Police Pension Fund, where defendant's pension is administered, to prevent any disbursements to defendant from the pension fund pending defendant's criminal appeal. The pension fund's general counsel replied that it was prohibited from honoring plaintiff's request because defendant's pension is subject to an anti-assignment provision. Thereafter, defendant moved to vacate the restraining notice and to stay the enforcement of the money judgment. Supreme Court denied defendant's motion, finding that the Son of Sam Law (see Executive Law § 632-a) specifically allows crime victims to recover from any funds of a convicted person, including pension funds. Defendant appeals.
"Executive Law § 632-a sets forth a statutory scheme intended to improve the ability of crime victims to obtain full and just compensation from the person(s) convicted of the crime by allowing crime victims or their representatives to sue the convicted criminals who harmed them when the criminals receive substantial sums of money from virtually any source and protecting those funds while litigation is pending" (Waldman v State of New York, 163 AD3d 1114, 1115 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 910 [2018]). As enacted in 1992, the Son of Sam Law only permitted a crime victim to recover "profits of the crime" (Education Law former § 632-a). However, in 2001, the Legislature amended the law to allow a crime victim to seek recovery from "funds of a convicted person," which includes "all funds and property received from any source by a person convicted of a specified crime," but specifically excludes child support and earned income (Education Law § 632-a [1] [c]).
As a preliminary matter, defendant's assertion in his brief — that Retirement and Social Security Law §§ 156-159 were intended "to specifically supersede CPLR 5205 and other state laws pertaining to pensions" — was not raised before Supreme Court and is therefore unpreserved for appellate review (see Grey's Woodworks, Inc. v Witte, 173 AD3d 1322, 1324 [2019]). Defendant also contends that CPLR 5205 exempts his pension from assignment to satisfy plaintiff's judgment because it provides for the exemption of pension funds from the award of money judgments. This Court has found, however, that CPLR 5205 (c) is superseded by the Son of Sam Law (see Matter of New York State Off. of Victim Servs. v Raucci, 106 AD3d 1138, 1139 n [2013]). Defendant's assertions that Retirement and Social Security Law § 110 and Administrative Code of the City of New York § 13-264 protect his pension from assignment to satisfy plaintiff's money judgment are similarly without merit due to the broad reach of the Son of Sam Law (see Kane v Galtieri, 122 AD3d 582, 587 [2014]). Defendant's remaining contentions, including those attacking the constitutionality of the Son of Sam Law, have been reviewed and are lacking in merit.
Clark, J.P., Mulvey and Devine, JJ., concur.
ORDERED that the order is affirmed, without costs.