Prindle v Guzy (2023 NY Slip Op 02722)

Prindle v Guzy

2023 NY Slip Op 02722

Decided on May 18, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 18, 2023

534326 534618 
[*1]Derek S. Prindle, Respondent,
v
John Guzy, Appellant.

Calendar Date:March 29, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ. 

John Guzy, Dannemora, appellant pro se.
Leonard & Cummings, LLP, Binghamton (Hugh B. Leonard of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from two orders of the Supreme Court (Jeffrey A. Tait, J.), entered May 3, 2021 and June 4, 2021 in Chenango County, which, among other things, granted plaintiff's motion to enforce a restraining notice, and (2) from an order of said court, entered December 21, 2021 in Chenango County, which, among other things, denied defendant's motion to vacate the prior orders.
As we set forth in our prior decision in this matter (179 AD3d 1169 [3d Dept 2020]), defendant, a retired New York City police officer, is presently serving a lengthy prison sentence as the result of a 2014 incident in which he shot plaintiff and plaintiff's son, severely injuring plaintiff and killing plaintiff's son (see People v Guzy, 167 AD3d 1230 [3d Dept 2018], lv denied 33 NY3d 948 [2019]). Plaintiff commenced a personal injury action against defendant while the criminal matter was pending and, in 2017, obtained a judgment against defendant in excess of $1 million. Plaintiff thereafter served a restraining notice upon the New York City Police Pension Fund (hereinafter PPF), the entity that administers defendant's pension, to prevent the disbursement of pension payments to defendant. PPF declined to honor the restraining notice upon the ground that pension funds could not be assigned, after which defendant moved to vacate the restraining notice and stay enforcement of the judgment. Supreme Court (Burns, J.) denied defendant's motion, finding that the Son of Sam Law (see Executive Law § 632-a) allowed plaintiff to recover the funds. Upon defendant's appeal, we affirmed in January 2020, determining that the general "exemption of pension funds from the award of money judgments" created by CPLR 5205 was superseded by the Son of Sam Law (179 AD3d at 1171). We further found defendant's argument regarding the provisions of Retirement and Social Security Law article 3-B governing pension forfeiture for public officials to be unpreserved and his other contentions, including his efforts to invoke various statutory and regulatory protections and to challenge the constitutionality of the Son of Sam Law, to be meritless (id.).
In the wake of our decision, plaintiff moved by order to show cause to extend and enforce the restraining notice and to compel PPF to respond to an information subpoena. In a May 2021 order, Supreme Court (Tait, J.) granted the motion, finding that the pension payments were "subject to restraint and assignment to" plaintiff, and directed a conference to discuss a dispute between plaintiff and PPF over what portion of the payments could be garnished. Following that conference, Supreme Court issued a letter order in June 2021 that resolved the issue.
Later in June 2021, defendant moved to vacate the May 2021 and June 2021 orders and to enjoin plaintiff "from further efforts to diminish [his] pension," arguing, in relevant part, that the Son of Sam Law did not apply to the personal injury action by plaintiff that resulted in the judgment and that plaintiff [*2]had failed to commence a CPLR article 52 turnover proceeding against PPF as required. Plaintiff cross-moved for a variety of relief in response, including a directive that defendant obtain court approval prior to making any applications seeking relief relating to "the enforcement of . . . plaintiff's judgment" against the pension payments. PPF took no position on defendant's motion and, while it opposed certain aspects of plaintiff's cross-motion, also took no position on whether defendant should be directed to obtain approval before seeking relief related to enforcement of the judgment. In a December 2021 order, Supreme Court denied defendant's motion in its entirety — determining that he was barred from relitigating the issue of whether the Son of Sam Law applied and that his other arguments lacked merit — and granted plaintiff's cross-motion to the extent of requiring defendant to obtain court approval before making any applications relating to enforcement of the judgment. Defendant appeals from the May 2021, June 2021 and December 2021 orders.[FN1]
We affirm. Defendant argues on appeal that the Son of Sam Law is inapplicable in this case and that plaintiff was obliged to commence a turnover proceeding to recover the pension payments. He already raised and litigated the issue of whether the Son of Sam Law applies in this matter, however, and we resolved that issue against him in our January 2020 decision. Accordingly, although defendant suggests that some of his efforts to revisit that issue are on new grounds, the fact remains that his arguments were or could have been raised upon his prior appeal and are therefore either barred by the law of the case doctrine or waived (see Hudson City Sav. Bank v Berry, 178 AD3d 686, 687 [2d Dept 2019], lv denied 37 NY3d 916 [2021]; Calabrese Bakeries, Inc. v Rockland Bakery, Inc., 139 AD3d 1192, 1195 [3d Dept 2016]; Czernicki v Lawniczak, 103 AD3d 769, 770 [2d Dept 2013], lv dismissed 21 NY3d 929 [2013]). Defendant's further argument regarding the need for plaintiff to commence a turnover proceeding against PPF pursuant to CPLR 5225, to the extent that it is properly before us, has been examined and is lacking in merit (see CPLR 5240; see generally Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 600-601 [2021]; Cruz v TD Bank, N.A., 22 NY3d 61, 75-76 [2013]).
Lynch, Aarons, Fisher and McShan, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: PPF did not appeal from any of the orders.