Matter of New York State Off. of Victim Servs. v Alexis (2024 NY Slip Op 06264)

Matter of New York State Off. of Victim Servs. v Alexis

2024 NY Slip Op 06264

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-2013
[*1]In the Matter of New York State Office of Victim Services, on Behalf of Roxanne Traylor, Respondent,
v
Daren Alexis, Appellant.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Gross Shuman PC, Buffalo (Katherine M. Liebner of counsel), for appellant.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Christina L. Ryba, J.), entered October 16, 2023 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, among other things, granted petitioner's application for a preliminary injunction.
Respondent, an incarcerated individual, was convicted of manslaughter in the first degree and, in 2017, was sentenced to a prison term of 20 years, to be followed by five years of postrelease supervision. In 2023, petitioner received notice from Surrogate's Court of Erie County that respondent was set to receive a distribution from his grandfather's estate (see SCPA 2222-a). In turn, petitioner notified Roxanne Traylor, the mother of the victim, of the existence of such funds (see Executive Law § 632-a [2] [c]), who advised petitioner that she, as a representative of the crime victim, intended to commence a civil action against respondent for money damages. Petitioner then commenced this proceeding pursuant to Executive Law § 632-a, seeking a preliminary injunction to preserve the subject funds (see Executive Law § 632-a [4], [5], [6]).[FN1] Respondent answered and then moved to dismiss the petition, contending, among other things, that Traylor was neither a "crime victim" nor a "representative of a crime victim" as defined by the Executive Law. Supreme Court (Ryba, J.) granted petitioner's application for a preliminary injunction and denied respondent's motion to dismiss. Respondent appeals.
We affirm. "Executive Law § 632-a sets forth a statutory scheme intended to improve the ability of crime victims to obtain full and just compensation from the person(s) convicted of the crime by allowing crime victims or their representatives to sue the convicted criminals who harmed them when the criminals receive substantial sums of money from virtually any source and protecting those funds" (Prindle v Guzy, 179 AD3d 1169, 1170 [3d Dept 2020] [internal quotation marks and citations omitted]; see generally Executive Law § 620). Once a crime victim has been alerted of such funds and provides notice of an intention to commence an action against a convicted person, Executive Law § 632-a (5) (c) further deputizes petitioner to take action to " 'avoid the wasting of' the funds by applying for provisional remedies that would ordinarily be unavailable to an individual suing for money damages" (Waldman v State of New York, 163 AD3d 1114, 1115 [3d Dept 2018], lv denied 32 NY3d 910 [2018], quoting Executive Law § 632-a [5] [c]; see Executive Law § 632-a [6]; see generally Buckley v McAteer, 210 AD3d 1044, 1046 [2d Dept 2022], lv dismissed 39 NY3d 1128 [2023]). As relevant here, "[a] 'representative of a crime victim' is granted all the rights of crime victims under the statute" (Matter of New York State Crime Victims Bd. v Jackson, 4 AD3d 710, 711 [3d Dept 2004], quoting Executive Law § 632-a [1] [d]), and is broadly defined as "one who represents or stands in the place of another person, including but not limited to an agent[*2], an assignee, an attorney, a guardian, a committee, a conservator, a partner, a receiver, an administrator, an executor or an heir of another person, or a parent of a minor" (Executive Law § 621 [6] [emphasis added]).
Here, we are satisfied that Traylor, the mother of the victim killed by respondent, constituted a representative of a crime victim under the Executive Law. Contrary to respondent's contention, the fact that the victim had two minor children does not preclude his mother from being a representative because she is not a distributee under EPTL 4-1.1. Nor does the fact that she has not been appointed the administrator or executor of her son's estate exclude her as a representative either, because respondent also indicates that no estate proceeding has been commenced — meaning that no one else has been named to either role. Rather, critically, these are just some enumerated examples of relationships that may qualify someone as a representative, as the statute employs the language "including but not limited to," which indicates that it was not an exhaustive list intended to exclude other appropriate classes of individuals who may "stand[ ] in the place of another person" (Executive Law § 621 [6]; see Matter of Johnsen v ACP Distrib., Inc., 31 AD3d 172, 177 [3d Dept 2006]; Matter of Doniger v Rye Psychiatric Hosp. Ctr., 122 AD2d 873, 877 [2d Dept 1986], lv denied 68 NY2d 611 [1986]). This broad definition of a representative is further consistent with the amendments from 2001, through which the Legislature has continued to expand upon the types of funds available to crime victims and their "surviving family members" to recover compensation from a convicted person — including for an "inheritance" (Governor's Approval Mem, Bill Jacket, L 2001, ch 62 at 2-3; see Prindle v Guzy, 179 AD3d at 1170; Matter of New York State Crime Victims Bd. v Harris, 68 AD3d 1269, 1271 [3d Dept 2009]). When further considering the contents of Traylor's affidavit in support of the petition, we conclude that Supreme Court correctly determined that Traylor was a representative of the crime victim (see Executive Law §§ 621 [6]; 632-a (1) (d); compare Matter of New York State Crime Victims Bd. v Jackson, 4 AD3d at 711).
As a result of this finding, we reject respondent's contention that petitioner failed to prove a likelihood of success on the merits, since Traylor is a representative of a crime victim for whom respondent remains convicted of manslaughter in the first degree. Similarly, we are unpersuaded by respondent's further contentions that Traylor, as a parent and representative of a crime victim, lacked standing to recover compensation under the Son of Sam Law or in a civil action (see Executive Law §§ 624 [1] [h]; 632-a [1] [d]). Accordingly, Supreme Court properly granted the preliminary injunction and denied respondent's motion to dismiss. We have examined the remaining contentions of the parties and have found them to be academic or without merit.
Garry, [*3]P.J., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Petitioner simultaneously sought a temporary restraining order, which was granted by Supreme Court (McDonough, J.).