Matter of New York State Off. of Victim Servs. v Mobayed (2026 NY Slip Op 00294)

Matter of New York State Off. of Victim Servs. v Mobayed

2026 NY Slip Op 00294

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CV-24-1458
[*1]In the Matter of New York State Office of Victim Services, on Behalf of Barbara Anderson, Respondent,
vCraig Mobayed, Appellant.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Craig Mobayed, Woodbourne, appellant pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondent.

Aarons, J.P.
Appeal from an order of the Supreme Court (James Ferreira, J.), entered August 16, 2024 in Albany County, which, in a proceeding pursuant to Executive Law § 632-a, granted petitioner's application for a preliminary injunction.
Respondent pleaded guilty to the crime of robbery in the first degree in 2016 and was sentenced to a prison term of 12 years, to be followed by five years of postrelease supervision. In 2024, petitioner was notified that respondent would receive approximately $32,000 from his deceased spouse's estate. Petitioner informed respondent's crime victim about the estate proceeds and obtained a temporary restraining order freezing the proceeds in the estate attorney's IOLA account. The crime victim, in turn, affirmed her intention to bring a civil action against respondent. Thereafter, petitioner, on behalf of the crime victim, commenced this proceeding pursuant to Executive Law § 632-a, otherwise known as the Son of Sam Law, seeking a preliminary injunction prohibiting respondent from disbursing, distributing, encumbering, transferring, alienating or assigning respondent's share of the estate proceeds. Following joinder of issue, Supreme Court granted the petition, and this appeal ensued.
"Executive Law § 632-a sets forth a statutory scheme intended to improve the ability of crime victims to obtain full and just compensation from the person(s) convicted of the crime by allowing crime victims or their representatives to sue the convicted criminals who harmed them when the criminals receive substantial sums of money from virtually any source and protecting those funds while litigation is pending" (Prindle v Guzy, 179 AD3d 1169, 1170 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of New York State Off. of Victim Servs. v Alexis, 233 AD3d 1248, 1248 [3d Dept 2024], lv denied 43 NY3d 905 [2025]). "To obtain a preliminary injunction, a party must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (23A Props., Inc. v New Mayfair Dev. Corp., 212 AD3d 900, 901 [3d Dept 2023] [internal quotation marks and citation omitted]; see Darwish Auto Group, LLC v TD Bank, N.A.,224 AD3d 1115, 1116-1117 [3d Dept 2024]).
As an initial matter, respondent failed to preserve his contention that Supreme Court abused its discretion by not limiting the preliminary injunction to 18 months (see Matter of New York State Off. of Victim Servs. v Raucci, 20 NY3d 1049, 1051 [2013]; Prindle v Guzy, 179 AD3d at 1171). Further, given respondent's guilty plea and conviction plus the crime victim's affidavit detailing her losses and injuries as a result of respondent's crime, we reject respondent's contention that the crime victim was not likely to succeed on the merits in a civil action against him (see Matter of New York State Off. of Victim Servs. v Alexis, 233 AD3d at 1250; see generally Waldman v State of New York, 140 AD3d 1448, 1448 [*2][3d Dept 2016]). Consequently, the preliminary injunction was not an abuse of discretion (see Matter of New York State Crime Victims Bd. v Sookoo, 77 AD3d 1227, 1228 [3d Dept 2010]).
Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.